## LEONARD PHLEGER *vs*. THOMAS W. IVINS, ISAAC SHREEVE & WILLIAM A. SHREEVE.

The authority of an agent may be proved by the recognition of his principal. The agent himself, though present, need not be called.

A plea that the debt has been attached must ordinarily show a judgment and execution to sustain the bar.

*Short pleadings*, if not objected to by notice or demurrer, may be drawn out *at the time*, in such form as the plea and issue will *then* justify.

NEW CASTLE, November term, 1848. Action of assumpsit.— Pleas, non-assumpsit; payment; attachment laid in defendants' hands, as garnishees of the plaintiff, at the suit of Hollingsworth & Tease, &c. &c.

The suit was to recover the value of a steam engine, boiler, and propellers, for a steamboat. The contract was originally at a fixed price, but the plaintiff claimed that a much larger engine was afterwards substituted by agreement, upon which there was a balance due of $1,500. He proved that one Captain Duncan was the person with whom arrangements were made for building the engine. He superintended the work and carried off the vessel when she was done. He said he was defendants' agent. That the defendants paid for other work ordered by Duncan, for the same vessel, and offered to pay Phleger $800, as the balance due him on his contract for putting in the machinery. Duncan made all the contracts for building and furnishing the boat, most of which the defendants paid. One of them was on board when she was tried, and she worked satisfactorily, making seven miles an hour.

*Mr. Bayard* objected to any proof of the acts or declarations of Duncan to charge the defendants, unless it was first proved that Duncan was the agent, which must be by the agent himself, if present, as Duncan was. His oath was better than his declarations.

*By the Court.*—The contract of Duncan with plaintiff is evidence on proof of his agency, which may be made out by recognition or ratification of defendants, of which evidence has already been offered. It is for the jury. Duncan's acts or declarations are not evidence, except the agency be proved; then they are, and he need not be called.

Witness.—Duncan said he wanted a boat built, eighty feet long; eighteen feet beam; four feet draft; twenty horse power, and a propeller wheel. Phleger agreed to build him an engine sufficient for the purpose of such a boat, to drive her six and a half to seven

miles an hour. The hull was built in Wilmington. Phleger built the machinery; Duncan superintended the building; the boat was tried and did well; made seven miles an hour. Duncan took her away and expressed himself satisfied. The hull was larger and heavier than that spoken of in the first conversation; required a heavier engine. Phleger told Duncan it would.

The defence was, that the contract was for a certain price, which had been paid; that the work was defectively done; and that if any balance was due, it had been attached in defendants' hands. That there was never any alteration made by him of this contract; nor was the boat built otherwise. When the engine was going up, Phleger said he was putting in heavier iron, and it was going to cost him more than he thought. He took the boat away in October, 1846, and run her until November, 1847. She would not work at all; could not keep steam on her. The boiler was insufficient altogether.

The defendants now offered in evidence the record of an attachment in New Jersey, in a case of Hollingsworth & Teas *vs.* Phleger, laid in defendants' hands as a garnishees of Phleger, under which defendants answered and judgment went against them; together with evidence of the New Jersey law of attachment.

*Mr. Rogers* objected that the plea was of an "attachment laid," and not of a judgment upon attachment; that the first was a plea in abatement, which this is, and the latter a plea in bar. 2. That there was no evidence of a judgment in New Jersey against Phleger, which would support an attachment. 3. That payment by such garnishee without *execution*, was a mere voluntary payment, and did not discharge the debt.

*Bayard.*—If the other side had any objection to this plea, it ought to have been demurred to. It is *in short;* and instead of requiring me to draw it out, they have replied to it, and made an issue whether there was an attachment in New Jersey. The record shows a judgment and order for execution against the garnishee. This is not a voluntary payment. There is no reason why this should not be evidence on the general issue. It would be in England.

*Rogers.*—Foreign attachment pending is a plea in abatement. [*Serg. on Att.* 145.] At the time this plea was pleaded, it could relate only to an attachment pending; not to judgment on attachment, or attachment *perfected*, such as will be a bar to the suit.

The plea of attachment perfected ought in this case to have been pleaded by way of amendment since the last continuance. That which was only a plea in abatement when pleaded afterwards, became a plea in bar.

Attachment of money in the debtor's hands, does not bar suit against him, unless there has been judgment against him, and *execution.* [*Serg. on Att.* 151.] There must be a compulsory payment by due course of law, to be a protection to the garnishee. The garnishee in this case made a voluntary payment after judgment, though without execution. The plea of attachment must show that the debt attached was parcel of the debt sued for. [*Serg. on Att.*] This suit is against three defendants, and the attachment pleaded was laid in the hands of these three and five others. It does not appear that the debts are the same.

*Mr. Bayard* now produced the New Jersey law, showing that the mode of proceeding there on attachment was, after judgment, that the garnishee tendered the sum and received a decree of discharge in place of an execution. But he further insisted that this evidence was admissible under the general issue. [*Chitt. Pl.* 511.]

*The Court.*—The evidence is not admissible under the general issue. Any thing that shows that the plaintiff never had a cause of action, may be given in evidence under the general issue; and also most matters which show that the plaintiff had no cause of action at the commencement of the suit; but matters of defence which have arisen since suit brought, must in general be specially pleaded. [1 *Saund. Pl. & Ev.* 160, (138.) ]

If it be true that an execution as well as a judgment is necessary to protect a garnishee in paying a debt attached, and his payment is otherwise regarded as a voluntary payment; which seems to us doubtful, as the garnishee is legally obliged to pay a judgment recovered against him; still the payment shown by this record is equivalent to a payment on execution, the proceeding being under the New Jersey law a substitute for execution. That law requires the garnishee to come in and declare on oath the amount of his indebtedness; and if he shall tender it to the plaintiff, and he shall accept the same, the garnishee shall by the judgment of the court be acquitted and discharged from the debt.

The only difficulty in the case, therefore, is in the pleadings, which are *in short* that an attachment of this debt was laid in defendant's hands in New Jersey, at the suit of Hollingsworth & Teas;

and there is a replication and issue to this. The plea is pleaded *as in bar*, though at the time it was pleaded, if the defendant had been required to draw it out, it would have amounted only to a plea *in abatement.* Issue having been taken on it, that issue is on the fact whether such an attachment was laid; which this record proves.

But the rule as to short pleading is, that if not objected to by demurrer or notice, the pleader will be permitted to treat it as if drawn out *at the trial;* and any thing which it is susceptible of then is regarded as denied by the issue. According to this rule of practice, the defendants here may treat this plea of attachment laid as embracing all the proceedings in the New Jersey courts, including the judgment discharging the garnishee on payment of the money to Hollingsworth & Teas.

The plaintiff then took a nonsuit.

*Rogers* and *Gray,* for plaintiff.
*Bayard,* for defendant.